NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 28 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR PLATAS, AKA Victor Moreno, | No. 16-56093 |
| Petitioner-Appellant, | D.C. No. 2:04-cv-03383-CBM-LAL |
| v. | |
| A. K. SCRIBNER, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted February 16, 2018[**]
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and MENDOZA,[***]
District Judge.

Victor Platas, a state prisoner, appeals the district court's denial of his 28

U.S.C. § 2254 habeas corpus petition challenging his convictions for first-degree

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Salvador Mendoza, Jr., United States District Judge for the Eastern District of Washington, sitting by designation.

murder with special circumstance and second-degree robbery. Platas challenges the convictions on the grounds that he had ineffective assistance of counsel and his confession should not have been admitted at trial because it was coerced. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

We review a district court's denial of a habeas petition de novo, with factual findings reviewed for clear error. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). Whether we give deference to the state court under the Antiterrorism and Effective Death Penalty Act or credit the district court's findings, the result is the same.

We first address Platas's claim that his confession was coerced. The Constitution requires that confessions be made voluntarily, which means the confession was "the product of a rational intellect and a free will." *United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir. 1981) (quoting *Blackburn v. Alabama*, 361 U.S. 199, 208 (1960)). Platas's strongest arguments are that the officers promised to request that murder charges not be brought against him, and that an officer said that Platas "could be facing the death penalty." Even crediting these arguments as the district court did, Platas's confession was not coerced.

"[I]n most circumstances, speculation that cooperation will benefit the defendant or even promises to recommend leniency are not sufficiently compelling

2

to overbear a defendant's will." *United States v. Harrison*, 34 F.3d 886, 891 (9th Cir. 1994). Here, the officers' promise to request that the prosecutor not charge Platas with murder was not sufficient to overcome Platas's free will. Platas does not assert any circumstances that warrant an exception to this general rule, such as a threat to inform the prosecutor of Platas's *failure* to cooperate. *See United States v. Guerrero*, 847 F.2d 1363, 1366 n.2 (9th Cir. 1988) ("[T]hreatening to inform the prosecutor of a suspect's refusal to cooperate violates her fifth amendment right to remain silent.").

Nor is the confession rendered involuntary by the officer's statement that Platas "could get the death penalty." "[A] recitation of the potential sentence a defendant might receive does not render a statement involuntary." *United States v. Bautista-Avila*, 6 F.3d 1360, 1365 (9th Cir. 1993) (citation and internal quotation marks omitted); *see also United States v. Haswood*, 350 F.3d 1024, 1029 (9th Cir. 2003) ("Reciting potential penalties or sentences does not constitute coercion."). The death penalty is a potential sentence for murder during the commission of a robbery in the State of California. *See* Cal. Penal Code §§ 189, 190.2(a)(17). Platas's reliance on *United States v. Tingle* does not change this result because the officers' statement in the present case does not rise to the level of psychological coercion employed by the officers in *Tingle*. *Tingle*, 658 F.2d at 1335 (finding statement coerced where officers recited maximum penalties, while also "prey[ing]

3

upon the maternal instinct [to] inoculate fear in a mother that she will not see her child"). Considering the totality of the circumstances, the officers' conduct did not overcome Platas's free will such that his confession was involuntary. Therefore, Platas is not entitled to habeas relief on this ground.

Finally, we address Platas's claim that he received ineffective assistance of counsel. Platas argues that his trial counsel's failure to investigate whether the confession was coerced and failure to move to suppress the confession was deficient and prejudicial. We need not determine whether his counsel's conduct was deficient because, even if it was, Platas suffered no prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Because the confession was not coerced, any effort to challenge it on that basis was not prejudicial. Even if the confession had been excluded from trial, there was sufficient evidence to establish that Platas acted with "reckless indifference to human life" as required for the special circumstance. *See* Cal. Penal Code § 190.2(d). Platas has not met his burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Accordingly, Platas is not entitled to habeas relief on this ground.

**AFFIRMED**.